[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12106
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2011
JOHN LEY
CLERK

Agency No. A097-959-210

SHAO JUN GAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 13, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Shao Jun Gao ("Gao"), a native and citizen of China, and resident of Zhejiang Province, petitions for review of the Board of Immigration Appeals's ("BIA") order denying her untimely motion to reopen that was based on changed country conditions. On appeal, Gao challenges the BIA's rejection of various documents she submitted in support of her motion to reopen. After careful review, we grant Gao's petition, and vacate and remand to the BIA.

We review the denial of a motion to reopen an immigration petition for abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id.

> Motions to reopen removal proceedings are particularly disfavored, and
>
> there are at least three independent grounds upon which the BIA may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Id. (brackets and quotation omitted). An alien may generally file only one motion to reopen no later than 90 days after the final administrative decision. Id. These time and numerical limitations, however, do not apply

> when (1) an alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the Convention Against Torture;

2

(2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings.

Id. Proving that evidence is material is a "heavy burden" because an alien seeking to reopen removal proceedings on the basis of changed country conditions must demonstrate "that, if the proceedings were opened, the new evidence would likely change the result in the case." Id. at 1256-57.

Additionally, the alien must prove that the material evidence was not available and could not have been discovered or presented at the previous hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Official documents submitted as evidence in support of a motion to reopen need to be evidenced by an official publication or attested to by an authorized official. See 8 C.F.R. § 1287.6(a) (stating that "an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by the official having legal custody of the record or by an authorized deputy").

On the record here, the BIA did not abuse its discretion in refusing to afford substantial weight to many of the documents Gao submitted because they were, as the BIA correctly found, available and could have been discovered or presented at Gao's

3

initial hearing in 2005.[1] Additionally, several of Gao's documents were not material to her claim that China has increased family planning enforcement against emigrants who resettle in the country. This is because the documents establish only that China has family planning policies that are consistently enforced, not that China has increased enforcement of its coercive family planning policies against emigrants with foreign-born children since 2005.

However, the BIA arbitrarily discounted: (1) the joint statement from Gao's mother and mother-in-law, (2) the first statement from Chen Fucun (her father-in-law), and (3) Chen Fucun's supplemental statement about Ms. He's sterilization. Only official documents submitted as evidence in support of a motion to reopen need to be evidenced by an official publication or attested to by an authorized official. See 8 C.F.R. § 1287.6(a). The statements that Gao submitted are translations, with copies of the originals that were written in Chinese. It is therefore difficult to ascertain the basis for the BIA's conclusion that the documents did not

---

[1] We decline to hear Gao's argument that she was precluded from presenting certain documents in 2005 by her agent's ineffective assistance. Gao's argument improperly attempts to re-litigate her first motion to reopen in contravention of the BIA's express statement declining to reassess her ineffective assistance claim. Because we will ordinarily not review a question that the BIA declined to address in the first instance, see, e.g., Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir.2007) (findings that are made by the IJ, but that are not adopted by the BIA and do not form any part of the final order, are not reviewable), we refuse to hear Gao's argument that she was precluded from presenting certain pre-2005 documents by her agent's ineffective assistance.

have original signatures, especially since, for example, the photocopy of Chen Fucun's first statement written in Chinese appears to bear an original signature.[2] Given the BIA's apparent misplaced insistence on authentication under 8 C.F.R. § 1287.6 and lack of an articulated basis for concluding that the Chinese statements were unsigned, the BIA's determination that these documents were unsigned and unauthenticated was arbitrary.

The BIA also misread the joint statement. The BIA concluded that the joint statement, which contained four paragraphs referencing a directive from the Zhejiang Province National Population and Family Planning Commission mandating sterilization, was inconsistent with the copy of the directive attached to Gao's motion, which contained only three subsections, none of which mandated sterilization. The four paragraphs, however, are summaries of what Gao's mother and mother-in-law learned from speaking with government agencies, not paragraph-by-paragraph parallels of the directive referenced in the statement. Similarly, the BIA refused to afford any weight to the joint statement because neither provincial or city regulations mentioned mandatory sterilization. Yet the undisputed evidence from the

---

[2] In discounting Ms. He's medical record attached to Chen Fucun's supplemental statement, the BIA also overlooked the portion of the translation that indicates that the record was stamped with both the seal of the department and the hospital, as well as the imprint of an official looking seal on the photocopy of the original. Nevertheless, the BIA correctly found that the certificate does not indicate the forcible nature of the sterilization procedure. Thus, the BIA properly afforded the certificate little weight in denying Gao's motion.

Congressional-Executive Commission on China's 2008 Annual Report shows that local authorities use mandatory sterilization despite the fact that the practice is officially prohibited. In sum, the BIA's misreading of the joint statement, its decision to fault Gao for provincial and city regulations that fail to formally codify an illegal practice, and its failure to address the 2006 and 2008 clarifications and responses from the Chinese government explaining that parents of children born overseas are subject to China's family planning policies, and the 2008 annual report from the Congressional-Executive Commission on China, were arbitrary and capricious. See Jiang, 568 F.3d at 1258 (concluding that the BIA had overlooked or inexplicably discounted two affidavits and two Country Reports that the petitioner had provided in support of her motion to reopen based on changed country conditions in China).

Ordinarily, we must allow the BIA to apply its expertise to a case first before considering an issue on appeal. See Gonzales v. Thomas, 547 U.S. 183, 186 (2006). Where the BIA has not addressed a particular issue, such as changed country conditions, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam) (quotation omitted). Here, the BIA arbitrarily refused to consider many of Gao's documents relating to her claim that Zhejiang Province has increased the use of mandatory sterilizations on Chinese citizens with foreign-born children

6

since 2007, and expressly based its opinion on "the various evidentiary deficiencies throughout the respondent's motion." Because the BIA's decision was based solely on its evidentiary findings, we remand to the agency to consider whether Gao's new and material evidence, particularly the statements from Gao's relatives, establishes a prima facie case for relief, or whether, despite her statutory eligibility for relief, her case does not warrant an exercise of discretion. See Jiang, 568 F.3d at 1256 (articulating at least three proper grounds for denying a motion to reopen).

**PETITION GRANTED.**